UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 26-18871-SMG

ATLANTIC RECOVERY CENTER, LLC,          Chapter 11 (Subchapter V)

    Debtor.                                            (Joint Administration with In re
                                                          Centric Behavioral Health, LLC, Case
                                                          No. 26-18873-SMG, Pending)

_____/

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING USE OF CASH COLLATERAL EFFECTIVE AS OF THE
PETITION DATE; (II) GRANTING ADEQUATE PROTECTION;
AND (III) SCHEDULING A FINAL HEARING**

**(Emergency Hearing Requested)**

**Statement of Exigency Pursuant to Local Rule 9013-4: The Debtors are behavioral health care providers. Debtor Atlantic Recovery Center, LLC operates an accredited residential mental health and substance use disorder treatment center and a partial hospitalization program in Broward County, Florida, with approximately 27 employees and patients presently in residential care. The Debtors' only material source of cash is commercial insurance receivables, which one or more creditors claim as cash collateral. The Debtors' payroll must be funded on July 10, 2026. Absent immediate authority to use cash collateral, the Debtors will be unable to fund payroll or ordinary course operating expenses, patient care would be immediately jeopardized, and the value of the Debtors' estates would be irreparably harmed. The Debtors respectfully request that this Motion be heard on or before July 10, 2026. Given the emergency nature of the relief requested and the number of affected parties, the Debtors were unable to confer with all affected parties before the filing of this Motion.**

Atlantic Recovery Center, LLC ("ARC") and Centric Behavioral Health, LLC ("CBH" and, together with ARC, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 (Subchapter V) cases, by and through undersigned proposed counsel, pursuant to 11 U.S.C. §§ 105(a), 361, 362, and 363, Rules 2002, 4001(b), and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rules 9013-1 and 9013-4, respectfully request the entry

of an order (i) authorizing the Debtors to use cash collateral, effective as of the Petition Date (defined below), (ii) granting adequate protection to the parties asserting an interest in such cash collateral, and (iii) scheduling a final hearing. This Motion is filed by both Debtors. Contemporaneously herewith, the Debtors have filed a motion for the joint administration of their cases pursuant to Local Rule 1015-1 in this, the lowest-numbered case, and, pursuant to Local Rule 1015-1(b), all documents in both cases are being filed on the docket of this case pending entry of an order granting joint administration. In support of this Motion (the "Motion"), the Debtors state as follows:

### RULE 4001(b)(1)(B) CONCISE STATEMENT SUMMARIZING RELIEF REQUESTED

- **Name of Each Entity with an Interest in Cash Collateral:** Royal Oaks Capital Corp.; C T Corporation System, as Representative (believed to relate to Kapitus LLC); Corporation Service Company, as Representative (believed to relate to Rocket Capital NY LLC); First Corporate Solutions, as Representative (believed to relate to Capital Assist, LLC); and C T Corporation System, as Representative (believed to relate to Litefund Solutions LLC) (collectively, the "Apparent Lienholders"). In addition, ODK Capital, LLC / OnDeck; Bluevine Capital / Celtic Bank; Verity Capital LLC d/b/a Cylerity; and Forward Financing LLC (collectively, the "Additional Asserting Parties") may assert interests in the Debtors' receivables or cash, although no Florida UCC-1 financing statement of record was located for any of them.

- **Purpose for the Use of Cash Collateral:** To fund payroll, patient care, rent, insurance, and the other ordinary course operating expenses of the Debtors' behavioral health care business, in accordance with the Budgets (defined below).

- **Material Terms:** Interim use of cash collateral by each Debtor in accordance with its respective twelve-week budget, attached collectively hereto as Exhibit "A" (one for each Debtor), subject to a variance of ten percent (10%) per line item and ten percent (10%) in the aggregate as to each Budget, through the final hearing on this Motion, and the scheduling of a final hearing.

- **Adequate Protection:** (i) monthly cash payments of $10,000.00 to Royal Oaks Capital Corp. commencing August 1, 2026, pending the final hearing; (ii) replacement liens to the same extent, validity, and priority as any valid, perfected, and unavoidable prepetition liens, limited to any post-petition diminution in value and excluding chapter 5 avoidance actions and their proceeds; (iii) maintenance of insurance; and (iv) monthly budget-to-actual reporting.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and procedural predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 361, 362, and 363, Rules 2002, 4001(b), and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rules 9013-1 and 9013-4.

## BACKGROUND

3.      On July 7, 2026 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a), 1108, and 1184. Contemporaneously with the filing of this Motion, the Debtors have moved for the joint administration of their cases, with the ARC case as the lead case.

4.      ARC is a Florida limited liability company that operates (a) Reign Residential Treatment Center, a residential mental health and substance use disorder treatment facility located at 14320 Mustang Trail, Southwest Ranches, Florida, and (b) Sanctuary Mental Health & Wellness, a partial hospitalization program located at 1759 N. Andrews Square, Fort Lauderdale, Florida. ARC is fully accredited and has approximately 27 employees.

5.      CBH is a Delaware limited liability company and is the parent and sole member of ARC. CBH is the primary borrower or contracting party on most of the Debtors' funded debt. The manager of CBH is Evan Prager.

6.       The Debtors operate a health care business within the meaning of 11 U.S.C. § 101(27A), and residential mental health and substance use disorder patients are presently in the Debtors' care.

7.       Substantially all of the Debtors' revenue consists of commercial insurance reimbursements from payors including Aetna, Blue Cross Blue Shield of Florida, UnitedHealthcare, and Carelon, among others, paid on account of patient services. Those insurance receivables, and the proceeds thereof, are the Debtors' only material source of cash.

## APPARENT LIENHOLDERS

8.       On July 6, 2026, in advance of the filing of these cases, Debtors' counsel caused searches of the Florida Secured Transaction Registry to be performed as to each of the Debtors. Those searches disclosed the following UCC-1 financing statements of record (the parties identified below, in the manner and capacities reflected of record, are referred to herein as the "Apparent Lienholders"):

| Apparent Lienholder (Secured Party of Record) | UCC-1 File No. | Filing Date | Collateral | Approx. Amount Claimed |
|---|---|---|---|---|
| Royal Oaks Capital Corp. | 20240266941X | 10/8/2024 | All assets (financing statement names both Debtors and five non-debtor affiliates as debtors) | $1,132,000 – $1,197,000 |
| C T Corporation System, as Representative (believed to relate to Kapitus LLC) | 202600186679 | 1/21/2026 | As reflected in the UCC-1 of record | $240,000 |
| Corporation Service Company, as Representative (believed to relate to Rocket Capital NY LLC) | 20260106853X | 4/14/2026 | As reflected in the UCC-1 of record | $225,000 – $315,000 |
| First Corporate Solutions, as Representative (believed to relate to Capital Assist, LLC) | 202601168976 | 4/21/2026 | As reflected in the UCC-1 of record | $150,000 |

| Apparent Lienholder (Secured Party of Record) | UCC-1 File No. | Filing Date | Collateral | Approx. Amount Claimed |
|---|---|---|---|---|
| C T Corporation System, as Representative (believed to relate to Litefund Solutions LLC) | 202601596862 | 6/1/2026 | As reflected in the UCC-1 of record | $270,000 |

9. **Royal Oaks Capital Corp. ("Royal Oaks")** may assert a lien on the Debtors' cash collateral by virtue of UCC-1 Financing Statement No. 20240266941X, filed on October 8, 2024, with the Florida Secured Transaction Registry, which describes all-assets collateral and names both Debtors and five non-debtor affiliates as debtors. The Debtors are informed that Royal Oaks extended (i) a $1,000,000.00 line of credit, with an approximate outstanding balance of $998,209.00, and (ii) a $500,000.00 line of credit, with an approximate outstanding balance of $198,730.00, for an aggregate claim of approximately $1,132,000.00 to $1,197,000.00. Based on the searches presently available to the Debtors, Royal Oaks appears to hold the first apparent priority position as the earliest-filed financing statement of record in Florida.

10. **C T Corporation System, as Representative** is the secured party of record on UCC-1 Financing Statement No. 202600186679, filed on January 21, 2026, with the Florida Secured Transaction Registry. The Debtors believe this filing relates to a receivables purchase agreement dated January 20, 2026, with Kapitus LLC ("Kapitus"), with an approximate claim of $240,000.00. The financing statement does not identify the actual secured party.

11. **Corporation Service Company, as Representative** is the secured party of record on UCC-1 Financing Statement No. 20260106853X, filed on April 14, 2026, with the Florida Secured Transaction Registry. The Debtors believe this filing relates to an agreement dated April 13, 2026, with Rocket Capital NY LLC ("Rocket Capital"), with an approximate claim of $225,000.00 to $315,000.00. The financing statement does not identify the actual secured party.

12.     **First Corporate Solutions, as Representative** is the secured party of record on UCC-1 Financing Statement No. 202601168976, filed on April 21, 2026, with the Florida Secured Transaction Registry. The Debtors believe this filing relates to an agreement dated April 16, 2026, with Capital Assist, LLC ("Capital Assist"), with an approximate claim of $150,000.00. The financing statement does not identify the actual secured party.

13.     **C T Corporation System, as Representative** is also the secured party of record on UCC-1 Financing Statement No. 202601596862, filed on June 1, 2026, with the Florida Secured Transaction Registry. The Debtors believe this filing relates to an agreement dated June 1, 2026, with Litefund Solutions LLC ("Litefund"), with an approximate claim of $270,000.00. The financing statement was filed the same day as the underlying agreement and approximately five weeks before the Petition Date, and does not identify the actual secured party.

14.     **Additional Asserting Parties.** In addition to the Apparent Lienholders, the following parties assert, or may assert, interests in the Debtors' receivables or cash, although the July 6, 2026 searches located no Florida UCC-1 financing statement of record for any of them: (a) ODK Capital, LLC / OnDeck (approximately $237,666.00); (b) Bluevine Capital / Celtic Bank (approximately $57,421.00); (c) Verity Capital LLC d/b/a Cylerity (amount presently unknown); and (d) Forward Financing LLC (approximately $19,780.00). Solely out of an abundance of caution, the Debtors identify and will serve the Additional Asserting Parties with this Motion, and propose to grant them replacement liens on the same conditional terms described below, without conceding that any of them holds any lien on, or interest in, cash collateral.

15.     The Debtors' cash on hand, deposit accounts, insurance receivables, and the proceeds, products, and profits thereof may constitute "cash collateral" within the meaning of 11

U.S.C. § 363(a), but only to the extent that any Apparent Lienholder or Additional Asserting Party in fact holds a valid, perfected, enforceable, and unavoidable lien on or interest in such property.

**RESERVATIONS OF RIGHTS**

16.    **"As Representative" Filings.** Four of the five UCC-1 financing statements of record name a corporate filing service "as Representative" and do not identify the actual secured party. The Debtors reserve all rights to challenge the sufficiency and effectiveness of each such financing statement under sections 9-503 and 9-506 of the Uniform Commercial Code.

17.    **Recharacterization, Avoidance, and Usury.** The Kapitus, Rocket Capital, Capital Assist, Litefund, and Forward Financing agreements are styled as purchases of future receipts or receivables. The Debtors reserve all rights to seek recharacterization of each such agreement as a disguised loan, to assert usury and all other claims and defenses under applicable law, and to challenge the validity, extent, priority, perfection, and enforceability of any asserted lien. In addition, certain of the UCC-1 financing statements were filed within approximately 90 days of the Petition Date, and the Debtors expressly reserve all avoidance claims, including preference claims under 11 U.S.C. § 547, and all other claims and causes of action under 11 U.S.C. §§ 502, 506, 510, 544, 545, 548, 549, 550, and 553, and under applicable non-bankruptcy law.

18.    **No Admission.** Nothing in this Motion, or in any interim or final order granting this Motion, is or shall be deemed an admission, finding, stipulation, or acknowledgment by the Debtors or their estates that any Apparent Lienholder or Additional Asserting Party holds a valid, perfected, enforceable, or unavoidable lien on, or any interest in, cash collateral or any other property of the Debtors, or as to the amount, characterization, or priority of any claim. The use of the terms "Apparent Lienholder" and "Additional Asserting Party" is for convenience only. All

rights, claims, defenses, counterclaims, and causes of action of the Debtors, their estates, the Subchapter V trustee, and all other parties in interest are expressly reserved.

## RELIEF REQUESTED

19.     By this Motion, the Debtors seek entry of an interim order, substantially in the form attached hereto as Exhibit "B" (the "Interim Order"), pursuant to 11 U.S.C. §§ 105(a), 361, and 363 and Fed. R. Bankr. P. 4001(b)(2), authorizing the Debtors to use cash collateral, effective as of the Petition Date, in accordance with the twelve-week budgets attached collectively hereto as Exhibit "A" (one for each Debtor, each a "Budget" and, collectively, the "Budgets"), with each Debtor authorized to use cash collateral in accordance with its respective Budget, pending a final hearing, and scheduling a final hearing on this Motion.

20.     The Debtors seek authority to use cash collateral in the aggregate amounts and for the purposes set forth in the Budgets, including funding of ARC's payroll of approximately $58,500.00 on a biweekly basis (reflecting gross wages of approximately $52,024.87 per biweekly payroll), and the adequate protection payments described below. Each Debtor requests authority to exceed any line item of its Budget by up to ten percent (10%), and to exceed the total of its Budget by up to ten percent (10%) in the aggregate.

21.     The Debtors require the immediate use of cash collateral to fund payroll – which must be funded on July 10, 2026 – and to pay the other ordinary course operating expenses of their business as set forth in the Budgets. Without the use of cash collateral, the Debtors will be unable to retain the clinical and support staff required to care for the residential mental health and substance use disorder patients presently in their care, to maintain their licensure and accreditation, or to preserve the going concern value of their business, and the Debtors, their estates, their creditors, and their patients would suffer direct, immediate, and substantial harm.

**BASIS FOR RELIEF**

22.     A debtor-in-possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with 11 U.S.C. § 363. See 11 U.S.C. §§ 1107(a), 1184. When a chapter 11 debtor-in-possession is authorized to operate its business, it may use property of the estate in the ordinary course of business, but it may not use cash collateral absent the consent of each entity with an interest in such cash collateral or authorization by the Court after notice and a hearing. See 11 U.S.C. § 363(c)(1)–(2). The Bankruptcy Code defines "cash collateral" as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a).

23.     If a secured creditor does not consent, the Court may authorize the use of cash collateral upon a finding that the secured creditor's interest is adequately protected. See 11 U.S.C. §§ 363(c)(2)(B), 363(e). While the Bankruptcy Code does not define "adequate protection," section 361 provides a non-exclusive list of the means by which it may be provided, including periodic cash payments, additional or replacement liens, or other relief resulting in the realization of the indubitable equivalent of the secured creditor's interest. See 11 U.S.C. § 361. Adequate protection is determined on a case-by-case basis. *See MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985). Adequate protection is meant to ensure that a secured creditor receives the value for which it originally bargained prepetition. *See Resolution Trust Corp. v. Swedeland Dev. Grp., Inc. (In re Swedeland Dev. Grp., Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994).

24.     It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern: "A debtor, attempting to

reorganize a business under Chapter 11, clearly has a compelling need to use 'cash collateral' in its efforts to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated." *In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984); *see also In re Stein*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982).

25.     These considerations apply with particular force here because the Debtors operate a health care business. An abrupt interruption of the Debtors' operations would not merely destroy going concern value; it would immediately jeopardize the health, safety, and continuity of care of the residential mental health and substance use disorder patients presently in the Debtors' care. Authorizing the use of cash collateral will permit the Debtors to maintain staffing, patient care, and operations, preserve the value of the estates for all creditors – including the Apparent Lienholders, whose collateral positions depend on the Debtors' continued generation of insurance receivables – and facilitate the Debtors' reorganization under subchapter V.

## PROPOSED ADEQUATE PROTECTION

26.     As adequate protection for any interest in cash collateral held by the Apparent Lienholders and the Additional Asserting Parties, the Debtors propose the following: (i) monthly cash payments of $10,000.00 to Royal Oaks Capital Corp., commencing August 1, 2026 and continuing monthly thereafter pending the final hearing on this Motion; (ii) replacement liens in favor of each Apparent Lienholder and each Additional Asserting Party on post-petition property of the estates of the same type as such party's prepetition collateral, to the same extent, validity, and priority as such party's prepetition lien, if any, but solely to the extent of any post-petition diminution in the value of such party's interest in cash collateral resulting from the Debtors' use thereof, and expressly excluding all avoidance actions arising under chapter 5 of the Bankruptcy

Code and the proceeds thereof; (iii) the maintenance of insurance on the Debtors' assets and operations; and (iv) monthly budget-to-actual reporting to the Apparent Lienholders, the Subchapter V trustee, and the United States Trustee.

27. The replacement liens and any claims under 11 U.S.C. § 507(b) granted under the Interim Order shall be subject and subordinate to a carve-out for (a) the allowed fees and expenses of the Subchapter V trustee, and (b) the Court-approved fees, costs, and expenses of professionals retained by the Debtors, in each case subject to approval by this Court under 11 U.S.C. §§ 330 and 331 (the "Carve-Out"). No quarterly fees of the United States Trustee accrue in these subchapter V cases. See 28 U.S.C. § 1930(a)(6).

28. The proposed adequate protection is fair and reasonable and is sufficient to protect any legitimate interest in cash collateral. The Budgets project that receipts will meet or exceed disbursements over the budget period, such that the Debtors' continued operations will continuously generate new insurance receivables that replenish – rather than deplete – any collateral base, and the replacement liens will preserve each party's relative position to the same extent, validity, and priority as existed on the Petition Date. The relief requested reflects the Debtors' sound exercise of their business judgment and is in the best interests of the Debtors, their estates, their creditors, and their patients.

## **INTERIM RELIEF AND REQUEST FOR FINAL HEARING**

29. Pursuant to Fed. R. Bankr. P. 4001(b)(2), a final hearing on a motion to use cash collateral may not be commenced earlier than 14 days after service of the motion, but the Court may authorize the use of cash collateral before such a final hearing to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing. For the reasons set forth above – including the July 10, 2026 payroll and the patients presently in the Debtors' care –

immediate and irreparable harm will result absent interim relief, and the interim relief requested is limited to that necessary to avoid such harm. The Debtors further request that the Court schedule a final hearing on this Motion at the Court's earliest convenience.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed Interim Order attached hereto as Exhibit "B": (i) authorizing the Debtors' use of cash collateral, effective as of the Petition Date, in accordance with the Budgets and the terms set forth herein; (ii) granting adequate protection as set forth herein; (iii) scheduling a final hearing on this Motion; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: July 8, 2026

SHELOMITH LAW
Proposed Attorneys for the Debtors
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
ZACH B. SHELOMITH
Florida Bar No. 0122548
zbs@shelomith.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, as set forth below, and via U.S. Mail to all parties on the below service list and the attached creditor matrix.

By:_____/s/_____
Zach B. Shelomith

**26-18873-SMG Notice will be electronically mailed to:**

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Zach B Shelomith on behalf of Debtor Centric Behavioral Health, LLC
zbs@shelomith.law,

info@shelomith.law;alt@shelomith.law;agp@shelomith.law;drp@shelomith.law;mpc@shelomith.law;Shelomith.ZachB.B105131@notify.bestcase.com;zshelomith@ecf.inforuptcy.com

## <u>SERVICE LIST</u>

Royal Oaks Capital Corp.
11302 Long Beach Blvd.
Lynwood, CA 90262

C T Corporation System, as Representative
Attn: SPRS
330 N. Brand Blvd., Suite 700
Glendale, CA 91203
(UCC-1 Nos. 202600186679 and 202601596862)

Corporation Service Company, as Representative
P.O. Box 2576
Springfield, IL 62708

First Corporate Solutions, as Representative
914 S Street
Sacramento, CA 95811

Kapitus LLC
2500 Wilson Boulevard, Suite 350
Arlington, VA 22201

Rocket Capital NY LLC
19950 W. Country Club Drive, Suite 902
Miami, FL 33180

Capital Assist, LLC
323 Sunny Isles Blvd., Suite 503
Sunny Isles Beach, FL 33160

Litefund Solutions LLC
99 Wall Street, Suite 2613
New York, NY 10005

ODK Capital, LLC / OnDeck
Attn: Director of Operations
4700 W. Daybreak Pkwy., Suite 200
South Jordan, UT 84009

Bluevine Capital Inc.
30 Montgomery Street, Suite 1400

Jersey City, NJ 07302

Celtic Bank Corporation
Attn: Reese S. Howell, Jr., Chief Executive Officer
268 South State Street, Suite 300
Salt Lake City, UT 84111
(by regular and certified mail, return-receipt requested)

Verity Capital LLC d/b/a Cylerity
30 N. Gould Street, #55438
Sheridan, WY 82801

Forward Financing LLC
53 State Street, 20th Floor
Boston, MA 02109

Office of the United States Trustee
51 S.W. First Avenue, Suite 1204
Miami, FL 33130

# EXHIBIT "A"

## 12-Week Cash Collateral Budgets

(attached)

**Atlantic Recovery Center, LLC (Lead Case) - Debtor-in-Possession**

*12-Week Cash Collateral Budget (Cash Basis)*

Petition Date: July 7, 2026

| Line Item | Wk 1 07/10 | Wk 2 07/17 | Wk 3 07/24 | Wk 4 07/31 | Wk 5 08/07 | Wk 6 08/14 | Wk 7 08/21 | Wk 8 08/28 | Wk 9 09/04 | Wk 10 09/11 | Wk 11 09/18 | Wk 12 09/25 | 12-Wk Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CASH RECEIPTS** | | | | | | | | | | | | | |
| Insurance reimbursements (Aetna, BCBSF, UHC, Carelon, et al.) | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 92,000 | 1,104,000 |
| Patient / private-pay / processor receipts | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 13,000 | 156,000 |
| **Total Cash Receipts** | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 105,000 | 1,260,000 |
| | | | | | | | | | | | | | |
| **DISBURSEMENTS** | | | | | | | | | | | | | |
| ARC payroll funding - ADP TotalSource (gross + ER taxes + fees) | 58,500 | | 58,500 | | 58,500 | | 58,500 | | 58,500 | | 58,500 | | 351,000 |
| Rent - Reign RTC (14320 Mustang Trail) | | | | 10,609 | | | | | 10,609 | | | 10,609 | 31,827 |
| Rent - SMHW (1759 N. Andrews Sq) | | | | 8,265 | | | | | 8,265 | | | 8,265 | 24,795 |
| Billing & collection fees (~4.5% of receipts) | 585 | 585 | 585 | 585 | 585 | 585 | 585 | 585 | 585 | 585 | 585 | 585 | 7,020 |
| Client, facility & medical supplies | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 4,300 | 51,600 |
| Advertising & patient acquisition | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 111,000 |
| IT, software & EMR | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 | 69,000 |
| Outside services & ancillary (labs, UA, contract clinicians) | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 | 111,000 |
| Utilities, telephone & internet | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 2,800 | 33,600 |
| Auto & patient transport | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 1,850 | 22,200 |
| Merchant & bank fees | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 8,400 |
| Repairs, janitorial & security | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 2,300 | 27,600 |
| Professional fees - accounting/tax (non-bankruptcy) | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 1,950 | 23,400 |
| Licenses, permits & other | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 600 | 7,200 |
| Contingency | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 24,000 |
| Professional Fee Reserve (ARC case) | | | | 5,000 | | | | | 5,000 | | | 5,000 | 15,000 |
| Shared-services funding to CBH (intercompany) | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 246,000 |
| **Total Disbursements** | 120,335 | 61,835 | 120,335 | 85,709 | 120,335 | 61,835 | 120,335 | 85,709 | 120,335 | 61,835 | 120,335 | 85,709 | 1,164,642 |
| **NET CASH FLOW** | (15,335) | 43,165 | (15,335) | 19,291 | (15,335) | 43,165 | (15,335) | 19,291 | (15,335) | 43,165 | (15,335) | 19,291 | 95,358 |
| Beginning Cash | 20,000 | 4,665 | 47,830 | 32,495 | 51,786 | 36,451 | 79,616 | 64,281 | 83,572 | 68,237 | 111,402 | 96,067 | |
| **Ending Cash** | 4,665 | 47,830 | 32,495 | 51,786 | 36,451 | 79,616 | 64,281 | 83,572 | 68,237 | 111,402 | 96,067 | 115,358 | 115,358 |

**Centric Behavioral Health, LLC - Debtor-in-Possession**

*12-Week Cash Collateral Budget (Cash Basis)*

Petition Date: July 7, 2026

| Line Item | Wk 1 07/10 | Wk 2 07/17 | Wk 3 07/24 | Wk 4 07/31 | Wk 5 08/07 | Wk 6 08/14 | Wk 7 08/21 | Wk 8 08/28 | Wk 9 09/04 | Wk 10 09/11 | Wk 11 09/18 | Wk 12 09/25 | 12-Wk Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CASH RECEIPTS** | | | | | | | | | | | | | |
| Intercompany shared-services funding from ARC | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 246,000 |
| Other receipts | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Cash Receipts** | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 20,500 | 246,000 |
| | | | | | | | | | | | | | |
| **DISBURSEMENTS** | | | | | | | | | | | | | |
| Shared administrative payroll funding - ADP | 26,500 | | 26,500 | | 26,500 | | 26,500 | | 26,500 | | 26,500 | | 159,000 |
| Insurance (GL/professional/property/WC) | | | | 16,246 | | | | 16,246 | | | | 16,246 | 48,738 |
| Adequate protection payment - Royal Oaks Capital Corp. | | | | 10,000 | | | | 10,000 | | | | 10,000 | 30,000 |
| Bank fees & other | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 150 | 1,800 |
| **Total Disbursements** | 26,650 | 150 | 26,650 | 26,396 | 26,650 | 150 | 26,650 | 26,396 | 26,650 | 150 | 26,650 | 26,396 | 239,538 |
| **NET CASH FLOW** | (6,150) | 20,350 | (6,150) | (5,896) | (6,150) | 20,350 | (6,150) | (5,896) | (6,150) | 20,350 | (6,150) | (5,896) | 6,462 |
| Beginning Cash | 10,000 | 3,850 | 24,200 | 18,050 | 12,154 | 6,004 | 26,354 | 20,204 | 14,308 | 8,158 | 28,508 | 22,358 | |
| **Ending Cash** | 3,850 | 24,200 | 18,050 | 12,154 | 6,004 | 26,354 | 20,204 | 14,308 | 8,158 | 28,508 | 22,358 | 16,462 | 16,462 |

# EXHIBIT "B"

## Proposed Interim Order

(attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                             Case No. 26-18871-SMG

**ATLANTIC RECOVERY CENTER, LLC,**          Chapter 11 (Subchapter V)

    Debtor.                                                    (Joint Administration with In re
                                                 Centric Behavioral Health, LLC, Case
                                                 No. 26-18873-SMG, Pending)

_____/

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION**
**FOR ENTRY OF AN ORDER (I) AUTHORIZING USE OF CASH COLLATERAL**
**EFFECTIVE AS OF THE PETITION DATE; (II) GRANTING ADEQUATE**
**PROTECTION; AND (III) SCHEDULING A FINAL HEARING**

      **THIS CAUSE** came before the Court on July ___, 2026 at ___:___ __.m., in Fort

Lauderdale, Florida, upon the Debtors' Emergency Motion for Entry of an Order (I) Authorizing

Use of Cash Collateral Effective as of the Petition Date; (II) Granting Adequate Protection; and

(III) Scheduling a Final Hearing (the "Motion") filed by Atlantic Recovery Center, LLC ("ARC")

and Centric Behavioral Health, LLC ("CBH" and, together with ARC, the "Debtors"). Capitalized terms used but not defined herein have the meanings given to them in the Motion. The Court, having reviewed the Motion and the twelve-week budgets attached to the Motion collectively as Exhibit "A" (one for each Debtor, each a "Budget" and, collectively, the "Budgets"), having heard the proffers, representations, and argument of counsel, and being otherwise fully advised in the premises, finds that: (i) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) venue is proper under 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and of the interim hearing was adequate and appropriate under the circumstances and complied with Fed. R. Bankr. P. 4001(b) and Local Rule 9013-4; (v) the Debtors have demonstrated that immediate and irreparable harm – including the inability to fund the July 10, 2026 payroll and to maintain care for the residential mental health and substance use disorder patients presently in the Debtors' care – would result absent interim authority to use cash collateral, and the interim relief granted herein is limited to that necessary to avoid such harm pending the Final Hearing (defined below), consistent with Fed. R. Bankr. P. 4001(b)(2); (vi) entry of this Order is in the best interests of the Debtors, their estates, their creditors, and their patients; and (vii) good and sufficient cause exists for the relief granted herein. Accordingly, it is

ORDERED and ADJUDGED as follows:

1.      The Motion is GRANTED on an interim basis, on the terms set forth in this Order, effective as of the Petition Date.

2.      Authority to Use Cash Collateral; Budget; Permitted Variance. The Debtors are authorized, pursuant to 11 U.S.C. § 363(c)(2), to use cash collateral (as defined in 11 U.S.C. § 363(a)) in the ordinary course of their business, effective as of the Petition Date and continuing

through the conclusion of the Final Hearing or such later date as the Court may order, solely in accordance with the Budgets, with each Debtor authorized to use cash collateral in accordance with its respective Budget. Each Debtor may exceed any line item of its Budget by up to ten percent (10%), and may exceed the total of its Budget by up to ten percent (10%) in the aggregate. The Debtors shall provide monthly budget-to-actual reports to the Apparent Lienholders, to any Additional Asserting Party upon written request, to the Subchapter V Trustee, and to the United States Trustee, and shall timely file monthly operating reports.

3.    **Replacement Liens.** As adequate protection under 11 U.S.C. §§ 361 and 363(e) for the Debtors' use of cash collateral, each Apparent Lienholder and each Additional Asserting Party is hereby granted a continuing post-petition replacement lien (each, a "Replacement Lien") on post-petition property of the Debtors' estates of the same type as such party's prepetition collateral, to the same extent, validity, and priority as such party's valid, perfected, and unavoidable prepetition lien, if any, but solely to the extent of any post-petition diminution in the value of such party's interest in cash collateral resulting from the Debtors' use thereof. The Replacement Liens shall not extend to (a) any claims or causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof, or (b) the Carve-Out (defined below). Nothing herein shall grant any party a lien on any property of either Debtor of a type, extent, validity, or priority greater than such party held on the Petition Date, or improve the position of any party relative to its position on the Petition Date.

4.    **Automatic Perfection.** The Replacement Liens granted herein shall be valid, binding, enforceable, and automatically perfected upon entry of this Order, without the necessity of the filing or recording of any financing statement or other instrument otherwise required under non-bankruptcy law. Each Apparent Lienholder and Additional Asserting Party is authorized (but

not required) to file or record any such instruments, and the Debtors shall cooperate in their preparation and execution.

5. **Section 507(b) Claim.** To the extent that the Replacement Liens prove insufficient to compensate any Apparent Lienholder or Additional Asserting Party for any post-petition diminution in the value of its interest, if any, in cash collateral, such party shall have an administrative expense claim under 11 U.S.C. § 507(b) to the extent of any such diminution, subject in each case to the Carve-Out; provided that no such claim shall be payable from, and no such claim shall extend to, the claims and causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof.

6. **Adequate Protection Payments.** The Debtors shall pay to Royal Oaks Capital Corp. monthly cash adequate protection payments of $10,000.00, commencing on August 1, 2026 and continuing on the first day of each month thereafter pending the Final Hearing. Such payments are without prejudice to the rights of the Debtors and all parties in interest to seek to recharacterize, reallocate, or recover any such payments, and without prejudice to the rights of Royal Oaks Capital Corp. or any other party to seek different or additional adequate protection.

7. **Insurance.** The Debtors shall maintain insurance covering their property and operations consistent with their prepetition practices and applicable requirements, and shall provide proof of coverage upon reasonable request.

8. **Carve-Out.** The Replacement Liens and any claims under 11 U.S.C. § 507(b) granted under this Order shall be subject and subordinate to a carve-out (the "Carve-Out") for (a) the allowed fees and expenses of the Subchapter V Trustee, and (b) the accrued and unpaid fees, costs, and expenses of professionals retained by the Debtors, in each case to the extent approved

by this Court under 11 U.S.C. §§ 330 and 331. No quarterly fees of the United States Trustee accrue in these subchapter V cases under 28 U.S.C. § 1930(a)(6).

9.     **Challenge Rights.** Nothing in this Order, and no payment or grant of adequate protection hereunder, shall constitute, or be deemed to constitute, a finding, admission, stipulation, or acknowledgment by the Debtors or their estates as to the validity, extent, priority, perfection, enforceability, avoidability, amount, or characterization of any prepetition lien, security interest, sale, assignment, or claim asserted by any Apparent Lienholder or Additional Asserting Party. The Debtors, the Subchapter V Trustee, and any other party in interest with standing expressly reserve all rights, claims, defenses, counterclaims, and causes of action, including without limitation (a) all rights with respect to perfection as to CBH, a Delaware limited liability company, under section 9-307 of the Uniform Commercial Code; (b) all challenges to the sufficiency of any financing statement naming a party "as representative" under sections 9-503 and 9-506 of the Uniform Commercial Code; (c) all rights to seek recharacterization of any agreement styled as a purchase of future receipts or receivables as a disguised loan, and all usury and related claims and defenses; and (d) all claims under 11 U.S.C. §§ 502, 506, 510, 542, 544, 545, 547, 548, 549, 550, and 553 (collectively, the "Challenge Rights"). Any Challenge Rights must be asserted by adversary proceeding or contested matter filed no later than seventy-five (75) days after the entry of this Order. If no timely challenge is filed within the foregoing period, the prepetition liens and claims of the applicable party shall be deemed valid, binding, perfected, and enforceable solely as against the Debtors and their estates, without prejudice to the rights of any subsequently appointed trustee.

10.     **Reservation of Rights of Apparent Lienholders.** Each Apparent Lienholder and Additional Asserting Party reserves all rights, including the rights to (a) request different or additional adequate protection, (b) seek relief from the automatic stay, (c) object to the use of cash

collateral on a final basis, and (d) seek any other relief available under the Bankruptcy Code or applicable non-bankruptcy law.

11.    **No Waiver; No Novation.** Nothing in this Order shall constitute a waiver of, or otherwise impair, any rights, claims, or defenses of the Debtors, their estates, or any other party in interest, including without limitation any rights under 11 U.S.C. § 506(c). This Order shall not effect a novation of any prepetition agreement, which shall remain subject to all rights, claims, and defenses of all parties, including the Challenge Rights.

12.    **No Control; Not Owner or Operator.** Solely by virtue of consenting or not objecting to the Debtors' use of cash collateral or accepting the protections of this Order, no creditor shall be deemed to (a) have assumed any liability to any third party, (b) be in control of the Debtors' operations, or (c) be acting as a "responsible person," "owner," or "operator" with respect to the Debtors or their assets under any federal, state, or local law.

13.    **Events of Default; Termination.** An "Event of Default" shall occur upon (a) any material breach by the Debtors of this Order, including any unauthorized variance from the applicable Budget; (b) the removal of the Debtors as debtors-in-possession under 11 U.S.C. § 1185; (c) the conversion of either case to a case under chapter 7; or (d) the dismissal of either case. Upon the occurrence of an Event of Default, any affected creditor may deliver written notice of default to the Debtors, Debtors' counsel, the Subchapter V Trustee, and the United States Trustee, and the Debtors shall have five (5) business days from delivery of such notice to cure. If the default is not timely cured, the Debtors' authority to use cash collateral under this Order shall terminate absent further order of the Court, and the affected creditor may seek expedited relief from the Court; during such period, the Debtors may likewise seek emergency relief from the Court.

14.     **Final Hearing.** A final hearing on the Motion (the "Final Hearing") shall be held on _____, 2026 at ___:___ __.m., before the Honorable Scott M. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court, 299 East Broward Boulevard, Courtroom 308, Fort Lauderdale, Florida 33301. Any objection to the entry of a final order on the Motion shall be filed and served no later than seven (7) days before the Final Hearing.

15.     **Retention of Jurisdiction.** This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

16.     **Service.** Counsel for the Debtors shall serve a conformed copy of this Order on all creditors and parties in interest and shall file a certificate of service with the Court.

**# # #**

**Submitted by:**

Zach B. Shelomith, Esq.
Florida Bar No. 122548
SHELOMITH LAW
Proposed Counsel for the Debtors-in-Possession
2699 Stirling Road, Suite C401
Ft. Lauderdale, FL 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371
Email: zbs@shelomith.law

**Copies furnished to:**

Zach B. Shelomith, Esq., who is directed to serve a conformed copy of this Order on all creditors and interested parties and to file a certificate of service.

Label Matrix for local noticing
113C-0
Case 26-18871-SMG
Southern District of Florida
Fort Lauderdale
Wed Jul  8 09:21:39 EDT 2026

Atlantic Recovery Center, LLC
14320 Mustang Trail Suite 308
Southwest Ranches, FL 33330-3508

14320 Mustang Trail LLC
7000 Palmetto Park Road, Suite 300
Boca Raton, FL 33433-3430

ADP TotalSource, Inc.
5800 Windward Pkwy
Alpharetta, GA 30005-8881

C T Corporation System, as Representativ
330 N. Brand Blvd, Suite 700, Attn: SPRS
Glendale, CA 91203-2336

Capital Assist, LLC
323 Sunny Isles Blvd, Suite 503
Sunny Isles Beach, FL 33160-4675

Capital One
P.O. Box 31293
Salt Lake City, UT 84131-0293

Centric Behavioral Health, LLC
3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

Centric Executives LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

Centric Management LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

Chase Card Services
P.O. Box 15298
Wilmington, DE 19850-5298

Corporation Service Company, as Represen
P.O. Box 2576
Springfield, IL 62708-2576

DBBF Properties, LLC
409 SE 16 Court
Fort Lauderdale, FL 33316-2533

ET Health Holdings LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

ETP Holdings LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

Evan Prager
3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

First Corporate Solutions, as Representa
914 S Street
Sacramento, CA 95811-7025

Florida Department of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0135

Kapitus LLC
2500 Wilson Blvd, Suite 350
Arlington, VA 22201-3873

Litefund Solutions LLC
99 Wall Street, Suite 2613
New York, NY 10005-4301

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Rocket Capital NY LLC
19950 W. Country Club Drive, Suite 902
Miami, FL 33180-4604

Royal Oaks Capital Corp.
11302 Long Beach Blvd
Lynwood, CA 90262-3310

Sanctuary Sober Living LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

Space Coast Credit Union
P.O. Box 419001
Melbourne, FL 32941-9001

Tenn Recovery LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

True Life Family Counseling, LLC
c/o 3221 NW 10th Terrace, Suite 502
Oakland Park, FL 33309-5942

Zealie LLC
1100 South Coast Hwy
Laguna Beach, CA 92651-2968

Zach B Shelomith
2699 Stirling Rd # C401
Fort Lauderdale, FL 33312-6598

End of Label Matrix
Mailable recipients    28
Bypassed recipients     0
Total                  28