

**ORDERED in the Southern District of Florida on July 10, 2026.**

_Scott M. Grossman_
_____
**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                          Case No. 26-18871-SMG

ATLANTIC RECOVERY CENTER, LLC,          Chapter 11 (Subchapter V)
et al.,[1]                                                    (Jointly Administered)

         Debtor.
_____/

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING USE OF CASH COLLATERAL
EFFECTIVE AS OF THE PETITION DATE; (II) GRANTING ADEQUATE
PROTECTION; AND (III) SCHEDULING A FINAL HEARING**

THIS CAUSE came before the Court on July 9, 2026 at 1:30 p.m., upon the Debtors'

Emergency Motion for Entry of an Order (I) Authorizing Use of Cash Collateral Effective as of

the Petition Date; (II) Granting Adequate Protection; and (III) Scheduling a Final Hearing (the

"Motion") filed by Atlantic Recovery Center, LLC ("ARC") and Centric Behavioral Health, LLC

("CBH" and, together with ARC, the "Debtors"). Capitalized terms used but not defined herein

_____

[1] The Debtors in these jointly administered cases, along with the last four digits of each Debtor's federal employer identification number, are: Atlantic Recovery Center, LLC (EIN x8883) and Centric Behavioral Health, LLC (EIN x5294).

have the meanings given to them in the Motion. The Court, having reviewed the Motion and the twelve-week budgets attached to the Motion collectively as Exhibit "A" (one for each Debtor, each a "Budget" and, collectively, the "Budgets"), having heard the proffers, representations, and argument of counsel, and being otherwise fully advised in the premises, finds that: (i) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) venue is proper under 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion and of the interim hearing was adequate and appropriate under the circumstances and complied with Fed. R. Bankr. P. 4001(b) and Local Rule 9013-4; (v) the Debtors have demonstrated that immediate and irreparable harm, including the inability to fund the July 10, 2026 payroll and to maintain care for the residential mental health and substance use disorder patients presently in the Debtors' care, would result absent interim authority to use cash collateral, and the interim relief granted herein is limited to that necessary to avoid such harm pending the Final Hearing (defined below), consistent with Fed. R. Bankr. P. 4001(b)(2); (vi) entry of this Order is in the best interests of the Debtors, their estates, their creditors, and their patients; and (vii) good and sufficient cause exists for the relief granted herein. Accordingly, it is

ORDERED and ADJUDGED as follows:

1.      The Motion is GRANTED on an interim basis, on the terms set forth in this Order, effective as of the Petition Date.

2.      **Authority to Use Cash Collateral; Budget; Permitted Variance.** The Debtors are authorized, pursuant to 11 U.S.C. § 363(c)(2), to use cash collateral (as defined in 11 U.S.C. § 363(a)) in the ordinary course of their business, effective as of the Petition Date and continuing through the conclusion of the Final Hearing or such later date as the Court may order, solely in accordance with the Budgets, with each Debtor authorized to use cash collateral in accordance

with its respective Budget. Each Debtor may exceed any line item of its Budget by up to ten percent (10%), and may exceed the total of its Budget by up to ten percent (10%) in the aggregate. The Debtors shall provide monthly budget-to-actual reports to the Apparent Lienholders, to any Additional Asserting Party upon written request, to the Subchapter V Trustee, and to the United States Trustee, and shall timely file monthly operating reports.

3. **Replacement Liens.** As adequate protection under 11 U.S.C. §§ 361 and 363(e) for the Debtors' use of cash collateral, each Apparent Lienholder and each Additional Asserting Party is hereby granted a continuing post-petition replacement lien (each, a "Replacement Lien") on post-petition property of the Debtors' estates of the same type as such party's prepetition collateral, to the same extent, validity, and priority as such party's valid, perfected, and unavoidable prepetition lien, if any, but solely to the extent of any post-petition diminution in the value of such party's interest in cash collateral resulting from the Debtors' use thereof. The Replacement Liens shall not extend to (a) any claims or causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof, or (b) the Carve-Out (defined below). Nothing herein shall grant any party a lien on any property of either Debtor of a type, extent, validity, or priority greater than such party held on the Petition Date, or improve the position of any party relative to its position on the Petition Date.

4. **Automatic Perfection.** The Replacement Liens granted herein shall be valid, binding, enforceable, and automatically perfected upon entry of this Order, without the necessity of the filing or recording of any financing statement or other instrument otherwise required under non-bankruptcy law. Each Apparent Lienholder and Additional Asserting Party is authorized (but not required) to file or record any such instruments, and the Debtors shall cooperate in their preparation and execution.

5.  **Section 507(b) Claim.** To the extent that the Replacement Liens prove insufficient to compensate any Apparent Lienholder or Additional Asserting Party for any post-petition diminution in the value of its interest, if any, in cash collateral, such party shall have an administrative expense claim under 11 U.S.C. § 507(b) to the extent of any such diminution, subject in each case to the Carve-Out; provided that no such claim shall be payable from, and no such claim shall extend to, the claims and causes of action arising under chapter 5 of the Bankruptcy Code or the proceeds thereof.

6.  **Adequate Protection Payments.** The Debtors shall pay to Royal Oaks Capital Corp. monthly cash adequate protection payments of $10,000.00, commencing on August 1, 2026 and continuing on the first day of each month thereafter pending the Final Hearing. Such payments are without prejudice to the rights of the Debtors and all parties in interest to seek to recharacterize, reallocate, or recover any such payments, and without prejudice to the rights of Royal Oaks Capital Corp. or any other party to seek different or additional adequate protection.

7.  **Insurance.** The Debtors shall maintain insurance covering their property and operations consistent with their prepetition practices and applicable requirements, and shall provide proof of coverage upon reasonable request.

8.  **Carve-Out.** The Replacement Liens and any claims under 11 U.S.C. § 507(b) granted under this Order shall be subject and subordinate to a carve-out (the "Carve-Out") for (a) the allowed fees and expenses of the Subchapter V Trustee, and (b) the accrued and unpaid fees, costs, and expenses of professionals retained by the Debtors, in each case to the extent approved by this Court under 11 U.S.C. §§ 330 and 331. No quarterly fees of the United States Trustee accrue in these subchapter V cases under 28 U.S.C. § 1930(a)(6).

9. **Challenge Rights.** Nothing in this Order, and no payment or grant of adequate protection hereunder, shall constitute, or be deemed to constitute, a finding, admission, stipulation, or acknowledgment by the Debtors or their estates as to the validity, extent, priority, perfection, enforceability, avoidability, amount, or characterization of any prepetition lien, security interest, sale, assignment, or claim asserted by any Apparent Lienholder or Additional Asserting Party. The Debtors, the Subchapter V Trustee, and any other party in interest with standing expressly reserve all rights, claims, defenses, counterclaims, and causes of action, including without limitation (a) all rights with respect to perfection as to CBH, a Delaware limited liability company, under section 9-307 of the Uniform Commercial Code; (b) all challenges to the sufficiency of any financing statement naming a party "as representative" under sections 9-503 and 9-506 of the Uniform Commercial Code; (c) all rights to seek recharacterization of any agreement styled as a purchase of future receipts or receivables as a disguised loan, and all usury and related claims and defenses; and (d) all claims under 11 U.S.C. §§ 502, 506, 510, 542, 544, 545, 547, 548, 549, 550, and 553 (collectively, the "Challenge Rights"). Any Challenge Rights must be asserted by adversary proceeding or contested matter filed no later than seventy-five (75) days after the entry of this Order. If no timely challenge is filed within the foregoing period, the prepetition liens and claims of the applicable party shall be deemed valid, binding, perfected, and enforceable solely as against the Debtors and their estates, without prejudice to the rights of any subsequently appointed trustee.

10. **Reservation of Rights of Apparent Lienholders.** Each Apparent Lienholder and Additional Asserting Party reserves all rights, including the rights to (a) request different or additional adequate protection, (b) seek relief from the automatic stay, (c) object to the use of cash collateral on a final basis, and (d) seek any other relief available under the Bankruptcy Code or applicable non-bankruptcy law.

11. **No Waiver; No Novation.** Nothing in this Order shall constitute a waiver of, or otherwise impair, any rights, claims, or defenses of the Debtors, their estates, or any other party in interest, including without limitation any rights under 11 U.S.C. § 506(c). This Order shall not effect a novation of any prepetition agreement, which shall remain subject to all rights, claims, and defenses of all parties, including the Challenge Rights.

12. **No Control; Not Owner or Operator.** Solely by virtue of consenting or not objecting to the Debtors' use of cash collateral or accepting the protections of this Order, no creditor shall be deemed to (a) have assumed any liability to any third party, (b) be in control of the Debtors' operations, or (c) be acting as a "responsible person," "owner," or "operator" with respect to the Debtors or their assets under any federal, state, or local law.

13. **Events of Default; Termination.** An "Event of Default" shall occur upon (a) any material breach by the Debtors of this Order, including any unauthorized variance from the applicable Budget; (b) the removal of the Debtors as debtors-in-possession under 11 U.S.C. § 1185; (c) the conversion of either case to a case under chapter 7; or (d) the dismissal of either case. Upon the occurrence of an Event of Default, any affected creditor may deliver written notice of default to the Debtors, Debtors' counsel, the Subchapter V Trustee, and the United States Trustee, and the Debtors shall have five (5) business days from delivery of such notice to cure. If the default is not timely cured, the Debtors' authority to use cash collateral under this Order shall terminate absent further order of the Court, and the affected creditor may seek expedited relief from the Court; during such period, the Debtors may likewise seek emergency relief from the Court.

14. **Final Hearing.** A final hearing on the Motion (the "Final Hearing") shall be held on **August 12, 2026 at 1:30 p.m.**, before the Honorable Scott M. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court, 299 East Broward Boulevard,

Courtroom 308, Fort Lauderdale, Florida 33301. Any objection to the entry of a final order on the Motion shall be filed and served no later than seven (7) days before the Final Hearing.

15.    **Retention of Jurisdiction.** This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

16.    **Service.** Counsel for the Debtors shall serve a conformed copy of this Order on all creditors and parties in interest and shall file a certificate of service with the Court.

# # #

**Submitted by:**

Zach B. Shelomith, Esq.
Florida Bar No. 122548
SHELOMITH LAW
Proposed Counsel for the Debtors-in-Possession
2699 Stirling Road, Suite C401
Ft. Lauderdale, FL 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371
Email: zbs@shelomith.law

**Copies furnished to:**

Zach B. Shelomith, Esq., who is directed to serve a conformed copy of this Order on all creditors and interested parties and to file a certificate of service.